LEMMON, Justice,
dissenting.
I disagree that the state has no right of appeal from a ruling setting aside a conviction. The intent of the Constitution and statutes was to provide a more meaningful review when a conviction has been set aside; the granting of a motion for new trial (or a motion in arrest of judgment or a postconviction motion for acquittal) presents a case in which that purpose is served by an appeal of right.
Irrespective of the foregoing issue, I further disagree that the matter should be remanded. The trial judge obviously intended to grant the motion for a new trial on the ground that the additional evidence at trial caused him to change his mind regarding his decision on the probable cause issue at the pretrial motion to suppress. Just as we treated the appeal as a writ application, we should treat the judgment as one sustaining the motion for a new trial.[1] We should therefore proceed to consider the merits (whether under our appellate or supervisory jurisdiction), without the unnecessary step of remanding for the trial judge to correct the name of the sustained motion.
When the trial judge predictably grants the alternative motion for a new trial and the prosecutor predictably seeks review again from this court, we will be called upon to consider whether an alleged inconsistency between (1) the pretrial and trial testimony of the officer and (2) the trial testimony of a co-perpetrator of the crime warrants the reconsideration and vacating of the trial court’s earlier ruling denying the motion to suppress.[2] This question (including the question of whether the trial judge can utilize trial testimony to reconsider denial of a pretrial motion to suppress) is ripe for adjudication now and should be addressed.[3]

. Both motions were filed, and the inadvertent error in sustaining the wrong motion is obvious.

. We may also be faced with a difficult question involving limitations on the defendant’s assertion of the exclusionary rule.
The motion to suppress is a procedural vehicle for asserting the exclusionary rule. Since the exclusionary rule is totally unrelated to the guilt or innocence of the charged offense and has no effect whatsoever on the integrity of the factfinding process, the Legislature may place reasonable limitations on the invoking of the rule. Arguably, La.C.Cr.P. Art. 703’s requirement that defendant assert a motion to suppress prior to trial is a reasonable limitation which affords defendant an adequate opportunity to invoke the rule, thereby serving the deterrent purpose of the rule while providing for final disposition of such issues before the beginning of the trial of defendant’s charged crime. (The validity of the limitation imposed by Article 703 is at issue in State v. Kimbrough, No. 82-KA-0780, now under advisement.)
If a defendant can be required to invoke the exclusionary rule in a pretrial motion to suppress, arguably he can likewise be required to present all of his evidence pertaining to the motion at the pretrial hearing, and the effect should be that a trial judge is precluded from utilizing trial testimony to reconsider his denial of the motion to suppress. On the other hand, a defendant arguably could be allowed at any reasonable time after discovery to present evidence that a police officer lied in obtaining a warrant. Of course, this difficult issue need not be reached if the alleged inconsistency does not warrant suppressing the evidence.

.The decision in State v. Dunbar, 356 So.2d 956 (La.1978) held that an appellate court may examine the full record of the trial, and not just the evidence offered at the motion hearing, in determining whether the trial court erred in denying the motion to suppress.